JON M. SANDS
Federal Public Defender
**BENJAMIN D. SINGERMAN** #039723
Assistant Federal Public Defender
407 W. Congress St., Suite 501
Tucson, Arizona 85701
(520) 879-7500 voice
ben_singerman@fd.org
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Antonio Gabriel Chavez,

Defendant.

CR26-03779-TUC-JGZ-LCK

**UNOPPOSED MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT**

Defendant Antonio Gabriel Chavez through undersigned counsel moves this Court to order for production of the Grand Jury transcripts in this case to the defense pursuant to FED. R. CRIM. PROC. 6(e)(3)(E). Assistant United States Attorney Julie Sottosanti does not object to this motion.

FED. R. CRIM. PRO. 6(e)(3)(E) provides that "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding."

The Supreme Court has long held that grand jury minutes and transcripts may be released to the defense when necessary, but that the burden is on the defense to show that there is "a particularized need" which outweighs the general policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). This policy of secrecy reflects (1) the need to prevent the escape of prospective indictees; (2) the need to insure the grand jury freedom in its deliberations; (3) the need to prevent subornation of perjury (4) the need to allow witness to provide information without fear of retribution; and (5) to avoid public humiliation of unindicted

persons. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681, n. 6 (1958); *United States v. Dynavac, Inc*., 6 F.3d 1407, 1411 (9th Cir. 1993). In a given case, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 224 (1979).

There is no specific touchstone for "particularized need." The standard is highly flexible in order to allow District Court judges to evaluate whether disclosure is appropriate in a given case. *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987). In striking that balance, the court should determine whether injustice would occur in the absence of disclosure and whether the "need for disclosure is greater than the need for secrecy." *In re: Barker*, 741 F.2d 250, 255 (9th Cir. 1984).

In this matter, the parties agree that particularized need exists, specifically so that the government can comply with its disclosure obligations. Therefore, the Court should find that disclosure is appropriate here and order production of the Grand Jury transcripts to the defense.

Respectfully submitted: July 30, 2026.

JON M. SANDS
Federal Public Defender

*s/Benjamin D. Singerman*
BENJAMIN D. SINGERMAN
Assistant Federal Public Defender
*Attorney for Defendant*